### A. Carribene v. The State.

Illegally Practicing Medicine. — Indictment charged, in substance, that the accused, being a resident of G. county, unlawfully practiced medicine in said county, for compensation and a livelihood, without having ever received a degree of Doctor of Medicine from any medical college, and without having received a certificate of qualification from any board of medical examiners, and without having complied in any manner with the law regulating the practice of medicine in the state of Texas; and that he had not previously been engaged in the practice of medicine in said county for five consecutive years. *Held*, on the authority of *Goldman* v. *The State*, 44 Texas, 104, to be a good indictment.

Appeal from the District Court of Gonzales. Tried below before the Hon. J. P. White.

This cause was tried at the September term, 1875, of the court below.

Besides the general allegations condensed in the headnote, the indictment charged that the accused gave the prescribed medicines for one Lee Abar, and divers other citizens of said county, and then and there charged. and received money for such medicines and for his services as a physician.

No brief for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

Ector, P. J.    The defendant in this case is charged by indictment with willfully and unlawfully practicing medicine for a livelihood in the county of Gonzales, without having ever received a degree of Doctor of Medicine from any medical college whatsoever, and without having received a certificate of qualification from any board of medical examiners, and without ever having in any manner complied with the law regulating the practice of medicine in the

state of Texas ; and the indictment further charges that he had not been engaged in the practice of medicine for five consecutive years in said county, and also alleges that he is a resident of Gonzales county.

The defendant was convicted, and his punishment assessed at a fine of $50. The case is before us on appeal. The defendant is not represented in this court. There is no statement of facts. We must presume that the state proved all the allegations in the indictment. The judgment of the lower court is sustained by the decision of our Supreme Court in the case of *Goldman* v. *The State*, 44 Texas, 104. We find nothing in the record that requires a reversal of the judgment. The judgment of the lower court is, there-fore, affirmed.[1]

*Affirmed.*

3. SAME. — See the opinion in this case for an analytical exposition of the policy and scope of the 14th and 15th amendments of the Federal Constitution, and of the act of Congress known as the Civil Rights Bill.

---

[1] WHITE, J., did not sit in this case.